UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| EDWARD R. BAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:18-cv-00011-RLY-DML |
| | ) | |
| GOLDEN CORRAL CORPORATION, | ) | |
| JUDY IRWIN SR. V.P. of HR, | ) | |
| MICHEAL WILKERSON VP, AND | ) | |
| LISA SCHWEICKERT VP, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS DEFENDANTS JUDY IRWIN, MICHAEL WILKERSON, AND LISA SCHWEICKERT**

Plaintiff, Edward Bay, is an experienced restaurant franchisee who recently applied for a Franchise Business Consultant positon for Golden Corral Corporation ("Golden Corral"). After being denied a job offer, Plaintiff filed a complaint alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Judy Irwin, Michael Wilkerson, and Lisa Schweickert (the "Individual Defendants") now move to dismiss Plaintiff's complaint and all causes of action therein against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, the court **GRANTS** the motion.

**I.    Background**

Plaintiff has more than 41 years of experience in the restaurant industry. (Filing No. 1-1, Compl. at ¶ 9). In June 2017, Plaintiff responded to an employment advertisement by Golden Corral seeking a Franchise Business Consultant/Multi-Unit

1

Supervisor.  (*Id*. ¶ 10).  After completing three telephone interviews, Plaintiff met with Golden Corral Corporation Division President Roy Hinojosa on July 17, 2017.  (*Id*. ¶¶ 11–14).  During this interview, Plaintiff discussed his familiarity with Golden Corral and indicated his desire to move forward in the hiring process.  (*Id*. ¶ 14).

Plaintiff's next series of interviews occurred on July 28, 2017.  (*Id*. ¶ 15).  His first interview that day was with the Director of Human Resources, Erika Braum.  (*Id*. ¶ 16).  When Plaintiff revealed his admiration for the longevity of Golden Corral's staff, Braum replied that "older team members can be a blessing and a curse" due to their resistance to change.  (*Id*.).

Plaintiff's next interview was with Judy Irwin, Senior Vice President of Human Resources.  (*Id*. ¶ 17).  Irwin's response to Plaintiff's positive view of long-tenured employees was similar to Braun's.  (*Id*.).

Plaintiff's third interview was with Michael Wilkerson, Vice President of Company Operations  (*Id*. ¶ 18).  Toward the end of the interview, Wilkerson expressed his concern that Plaintiff would be unable to complete the required 12 weeks of training.  (*Id*.).  Wilkerson, who is much younger than Plaintiff, indicated that he himself almost did not make it through the training and asked how Plaintiff expected to make it.  (*Id*.).

Plaintiff's fourth interview was with Lisa Schweickert, Vice President of Services (*Id*. ¶ 19.)  When discussing the longevity of Golden Corral's employees, Schweickert repeated the concerns of Braun and Irwin that older employees are often reluctant to embrace change.  (*Id*.).

Plaintiff was informed in August 2017 that Golden Corral would not be going forward with his application. (*Id*. ¶ 23). This resulted in Plaintiff filing the present suit.

## II.     Motion to Dismiss Standard

A motion brought under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint, accepted as true, must contain sufficient factual allegations to demonstrate a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). This plausibility requirement is satisfied when the factual allegations allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    Discussion

Plaintiff alleges that he was discriminated against due to his age in violation of the ADEA. (Compl. at ¶ 26). The ADEA makes it unlawful "for an employer to fail or refuse to hire…any individual…because of such individual's age." 29 U.S.C. § 623(a)(1). The Act defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" as well as "any agent of such a person." 29 U.S.C. § 630(b). Courts have rejected the notion that this language allows individual liability for employees acting as agents of the employer. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994); *Horwitz v. Board of Educ.*, 260 F.3d 602, 610 (7th Cir. 2001) (noting that an ADEA claim against a board of education was properly brought against only the board because "we have suggested there is no

3

individual liability under the ADEA"). This interpretation is supported by the Seventh Circuit's interpretation of the similar definitions of "employer" in the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). *See, e.g., EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281–1282 (7th Cir. 1995) (rejecting as "an illusion" the argument that the "and any agent" language in the definition of "employer" under the ADA allows individual liability and noting that "our holding…obviously affects the resolution of the very similar questions under Title VII and the ADEA); *Boss v. Castro*, 816 F.3d 910, 914 (7th Cir. 2016) (noting that "Title VII authorizes suits against the employer as an entity, not against individual agents of the employer").

Plaintiff's complaint contains no allegations to support the conclusion that any of the Individual Defendants qualifies as an "employer" under the ADEA. The complaint claims that Judy Irwin was the Senior Vice President of Human Resources, Michael Wilkerson was the Senior Vice President of Company Operations, and Lisa Schweickert was the Vice President of Operations Services. (Compl. at ¶¶ 5–7). These allegations support the conclusion that the Individual Defendants were employees acting as agents of the employer, Golden Corral, and so they cannot be sued under the ADEA.

The ADEA also does not permit a claim against the Individual Defendants in their official capacity. Suing an employee in his or her official capacity "is simply one method of bringing suit against the employer and is distinct from a personal capacity suit." *AIC Sec. Investigations, Ltd.*, 55 F.3d at 1280. Thus, the official capacity claims against the Individual Defendants are actually claims against Golden Corral, and because Golden

Corral is also a named defendant, suing the Individual Defendants in their official capacity is redundant. *See, e.g.*, *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762 (7th Cir. 2006) (upholding the dismissal of a Title VII claim against an employee in his official capacity when the plaintiff had the same claim against the employer itself); *Levin v. Madigan*, 697 F. Supp. 2d 958, 974 (N.D. Ill. 2010) (dismissing ADEA and Title VII claims against an official in her official capacity as duplicative of the suit against the government entity).

## IV. Conclusion

Because the Individual Defendants do not meet the definition of "employer" under the ADEA, and a lawsuit against them is redundant to the suit against Golden Corral, Plaintiff's complaint fails to state a plausible claim for relief against the Individual Defendants. Accordingly, Defendants' Motion to Dismiss Judy Irwin, Michael Wilkerson, and Lisa Schweickert (Filing no. 14) is **GRANTED**. Plaintiff's claims against Golden Corral remain.

**SO ORDERED** this 12th day of June 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.